

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

August 17, 2011

Winn-Dixie Montgomery, LLC
Valerie Valls Litigation Paralegal
Winn-Dixie Stores, Inc.
5050 Edgewood Court
JACKSONVILLE  FL  32254

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note:** Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

Item: 2011-1029

| | | |
|---|---|---|
| 1. | Client Entity: | Winn-Dixie Montgomery, LLC |
| 2. | Title of Action: | Carol Bailey vs Winn Dixie Montgomery, LLC D/B/A Winn Dixie |
| 3. | Document(s) Served: | Citation |
| | | Petition for Damages |
| 4. | Court/Agency: | Parish of Jefferson 24th Judicial District Court |
| 5. | State Served: | Louisiana |
| 6. | Case Number: | 704-705 |
| 7. | Case Type: | Damages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 8/16/2011 |
| 10. | Date to Client: | Wednesday 8/17/2011 |
| 11. | # Days When Answer Due: 15 | **CAUTION:** Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| | Answer Due Date: 08/31/11 | |
| 12. | SOP Sender: (Name, City and Phone Number) | David D. Bravo
Gretna, LA
504-433-1442 |
| 13. | Shipped to Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Notes: | Please note that due to the poor carbon paper quality of the original document, the original is being mailed to your attention. |

This notice is provided for general information purposes only and should not be considered a legal opinion. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410    Tel: (561) 694-8107    Fax: (561) 694-1639
www.CorporateCreations.com



EXHIBIT A

**(101) Citation: ISS PETITION FOR DAMAGES;**   110811-1383-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

**CAROL BAILEY**
versus
**WINN DIXIE MONTGOMERY LLC D/B/A WINN DIXIE**

Case: 704-705   Div: "N"
P 1 CAROL BAILEY

To: WINN DIXIE MONTGOMERY LLC
THROUGH ITS REGISTERED AGENT CORPORATE
CREATIONS NETWORK INC
1100 POYDRAS ST STE 2900
NEW ORLEANS LA 70163

NO CK# 19496 $20.00

**PARISH OF JEFFERSON**

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney DAVID D. BRAVO and was issued by the Clerk Of Court on the 11th day of August, 2011.

Marilyn Guidry, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

---

**SERVICE INFORMATION**

---

**(101) Citation: ISS PETITION FOR DAMAGES;**   110811-1383-6

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal   ___ Domiciliary _____

Unable to serve:
___ Not at this address   ___ Numerous attempts _____ times
___ Vacant               ___ Received too late to serve
___ Moved                ___ No longer works at this address
___ No such address      ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____   # _____
                  Deputy Sheriff
Parish of: _____

**DIV. N**
**JUDGE**
**HANS J. LILJEBERG**

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO.: **704705** DIVISION: " "

CAROL BAILEY

VERSUS

WINN-DIXIE MONTGOMERY, LLC d/b/a
WINN DIXIE

FILED: _____ DEPUTY CLERK _____

FILED
AUG - 5 2011
S/ A. HEBERT
DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of CAROL BAILEY, a person of the full age of majority, domiciled in this Parish and State, with respect, represents:

1.

Made defendant herein is:

a) **WINN-DIXIE MONTGOMERY, LLC d/b/a WINN DIXIE**, upon information and belief a foreign limited liability company, licensed and authorized to do and doing business in this Parish and State, and is the owner and operator of the Winn Dixie store #1425 located at 3645 Lapalco Boulevard, Harvey, Louisiana, 70058.

Said Defendant is justly and truly indebted unto your Petitioner herein for the following reasons to-wit:

2.

On or about August 13, 2010, Petitioner, CAROL BAILEY, was a patron at the Winn Dixie store located at 3645 Lapalco Boulevard, Harvey, Louisiana, 70058.

3.

As she entered the building, suddenly and without warning, she slipped and fell on a wet substance on the floor, causing her painful, extensive, and permanent injuries.

4.

Petitioner avers that the said incident and injuries were caused solely and entirely by the negligence and/ or fault of the Defendant in the following acts of commission and omission:

    a) Not maintaining the entranceway;

    b) Not maintaining the floors;

Page 1 of 3

c) Not placing a floor mat at the entranceway to absorb rain water;

d) Not placing a warning at the entranceway to warn of rain water;

e) Failing to warn patrons of potential dangers;

f) Failing to properly inspect the premises;

g) Failing to properly train and monitor its employees; and

h) Any and all other acts of negligence and/ or fault, be they gross, willful or wanton, to be shown at the time of trial.

All of which acts of commission and omission were negligent and in violation of common sense, common care, and common prudence and all in violation of the laws of this State and Parish which are pleaded herein as if copied *in extenso*.

5.

Petitioner avers that the sudden and unexpected incident caused her to receive severe and painful injuries to her mind and body for which she has been obliged to undergo medical treatment, suffering great pain and mental anguish, loss of sleep and proper rest, and also requiring medication.

6.

Petitioner avers that she has the right to recover from Defendant herein all mental and physical pain and suffering, medical expenses, disability, loss of lifestyle, loss of wages and earning potential, and any and all other items of damage which may be associated herewith.

**WHEREFORE**, Petitioner, CAROL BAILEY, prays that Defendant, WINN-DIXIE MONTOGMERY, LLC d/b/a WINN DIXIE, through its proper officers and/ or agents for service of process, be duly served with a copy of this Petition for Damages and cited to appear and answer same; and that after due proceedings are had, there be judgment rendered herein in favor of Petitioner, CAROL BAILEY, and against Defendant, WINN-DIXIE MONTOGMERY, LLC d/b/a WINN DIXIE, in an amount as is reasonable in the premises, together with legal interest thereon from date of judicial demand, for all costs of these proceedings, and for all general and equitable relief.

sig
Respectfully Submitted:

PALAZZO LAW FIRM

*[signature]*

LEO J. PALAZZO, T.A. (LA #22130)
DAVID D BRAVO (LA #24313)
RENEE L. SWANSON (LA #33401)
TESSA L. CLUCK (LA #33527)
732 Behrman Highway, Suites F & G
Gretna, LA 70056
Telephone: (504) 433-1442
Facsimile: (504) 433-9111
*Attorneys for Plaintiff*

PLEASE SERVE:

Winn-Dixie Montgomery, LLC
*Through its registered agent for service of process:*
Corporate Creations Network, Inc.
1100 Poydras St., Ste. 2900
New Orleans, LA 70163

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

*[signature]*
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO: 704705                                                                                          DIVISION: N

**CAROL BAILEY**

versus

**WINN-DIXIE MONTGOMERY, LLC d/b/a
WINN DIXIE**

FILED:_____                              _____
                                                                                      **DEPUTY CLERK**

**ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Winn-Dixie Montgomery, LLC, ("Winn-Dixie") and responds to the Petition filed by of Plaintiff, Carol Bailey as follows:

I.

The allegations of the unnumbered introductory paragraph of the Petition do not appear to require an answer from Winn-Dixie; however, to the extent that an answer is deemed appropriate by the Court, the allegations contained therein are denied for lack of knowledge and information sufficient to justify a belief therein.

II.

In response to the allegations of paragraph 1 of the Petition, Winn-Dixie admits that it is a foreign limited liability company authorized to do business in Louisiana. Unless specifically admitted, the allegations of Paragraph 1 of the Petition are denied for lack of sufficient knowledge to justify a belief therein.

III.

The allegations of Paragraph 2 of the Petition are denied for lack of knowledge and information sufficient to justify a belief therein.

1

IV.

The allegations of Paragraph 3 of the Petition are denied.

V.

The allegations of paragraph 4 of the Petition are denied.

VI.

The allegations of paragraph 5 of the Petition are denied.

VII.

The allegations of paragraph 6 of the Petition are denied.

VIII.

The allegations of the unnumbered prayer for relief following paragraph 6 of the Petition do not appear to require an answer from Winn-Dixie; however, to the extent an answer is deemed necessary by the Court, all of the allegations contained therein are denied for lack of knowledge and information sufficient to justify a belief therein.

### AFFIRMATIVE DEFENSES

**AND NOW** in further answering Plaintiff's Petition, Winn-Dixie Montgomery, LLC respectfully avers as follows:

### FIRST DEFENSE

Plaintiff's Petition for Damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The damages of which Plaintiff complains were caused by the fault and/or negligence of a party or parties for whom Defendant is not responsible.

### THIRD DEFENSE

The damages of which Plaintiff complains were caused solely or in part by Plaintiff, Carol Bailey's, own negligence, which negligence or fault operates as a bar to, or alternatively diminishes, reduces or offsets, Plaintiff's damages, if any, in accordance with the principles of comparative fault.

### FOURTH DEFENSE

Defendant avers that Plaintiff has failed to mitigate his damages, if any.

### FIFTH DEFENSE

The damages of which Plaintiff complains were caused by superceding and/or intervening causes.

### SIXTH DEFENSE

Defendant avers that if Plaintiff sustained any injuries whatsoever, which is denied, then some or all of the injuries claimed by Plaintiff in the above-captioned matter pre-existed the subject accident or were caused by other accidents or events either before or after the accident at issue in this case and Defendant is not liable for any pre-existing injuries or conditions.

### SEVENTH DEFENSE

Plaintiff's injuries, if any, are the result of Plaintiff, Carol Bailey's, failure to see what she should have seen and observe her course to see if the pathway was clear.

### EIGHTH DEFENSE

Plaintiff's injuries, if any, are the result of a condition which should have been observed in the exercise of reasonable care or that was obvious to a visitor as it is to the owner.

### NINTH DEFENSE

Defendant avers that the condition of the premises was not unreasonably dangerous at the time and place of the customer's alleged fall.

### TENTH DEFENSE

Defendant further avers that the store had no prior knowledge of the hazardous condition, if any, allegedly causing the Plaintiff's injuries and damages.

### THIRTEENTH DEFENSE

Defendant specifically reserves the right to file and present other and further affirmative defenses after further discovery and investigation herein.

### FOURTEENTH DEFENSE

Louisiana Revised Statute §9:2800.6 requires Plaintiff to prove that (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable, (2) the merchant either created, or had constructive notice of the condition which caused the damage before the accident, and (3) the merchant failed to exercise reasonable care. To the extent that Carol Bailey cannot demonstrate each and every requirement under La. R.S. §9:2800.6, Defendant is not liable for his alleged injuries.

3

## FIFTEENTH DEFENSE

Defendant reserves the right to amend and/or supplement its Answer and Affirmative Defenses.

## JURY DEMAND

Defendant is entitled to and hereby demands a trial by jury on all issues raised in the Plaintiff's Petition for Damages that are so triable.

**WHEREFORE**, Defendant, Winn-Dixie Montgomery, LLC, prays that the above and foregoing Answer, Affirmative Defenses, Request for Notice and Request for Jury Trial be deemed good and sufficient and after legal delays and due proceedings had, there be Judgment herein in favor of Defendant dismissing Plaintiff's claims at Plaintiff's sole cost and for all costs of these proceedings to which Defendant may show itself justly entitled, in law or in equity. Defendant further requests written notice pursuant to Louisiana Code of Civil Procedure articles 1572, 1913 and 1914. Defendant further requests a trial by jury.

Respectfully Submitted,

_____
RACHEL G. WEBRE (#26907)
CHRISTOPHER R. TESKE (#27106)
SARAH MILLER JOHNSON (#31512)
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras Street, Ste. 4800
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:    (504) 561-1011
*Counsel for Winn-Dixie Montgomery LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___th day of September 2011, served a copy of the foregoing on the following counsel for all parties in this matter:

David D. Bravo
THE PALAZZO LAW FIRM
732 Behrman Highway, Suites F&G
Gretna, Louisiana 70056
*Counsel for Plaintiff*

via facsimile and/or by mailing the same by United States mail, properly addressed, and first class postage paid.

_____
Christopher R. Teske

4

# 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO: 704705                                                                                           DIVISION: N

### CAROL BAILEY

versus

### WINN DIXIE MONTGOMERY, LLC d/b/a
### WINN DIXIE

FILED:_____                    _____
                                                                              DEPUTY CLERK

### WINN-DIXIE MONTGOMERY, LLC'S REQUEST FOR NOTICE

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for Winn-Dixie Montgomery, LLC in the above-numbered and captioned cause, written notice, by mail, ten (10) days in advance of any date fixed for any trial or hearing of this case, whether on exception, rule, or the merits thereof.

And, in accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby additionally requested to send us immediate notice of any order made or judgment rendered in this case upon the entry of such order or judgment.

Respectfully Submitted,

_____
RACHEL G. WEBRE (#26907)
CHRISTOPHER R. TESKE (#27106)
SARAH MILLER JOHNSON (#31512)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Ste. 4800
New Orleans, Louisiana 70139-4800
Telephone:   (504) 561-0400
Facsimile:   (504) 561-1011
*Counsel for Winn-Dixie Montgomery LLC*

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this __16__ th day of September 2011, served a copy of the foregoing on the following counsel for all parties in this matter:

David D. Bravo
THE PALAZZO LAW FIRM
732 Behrman Highway, Suites F&G
Gretna, Louisiana 70056
*Counsel for Plaintiff*

via facsimile and/or by mailing the same by United States mail, properly addressed, and first class postage paid.

_____
Christopher R. Teske